W. LOCKE ROCKWELL. DEFENDANT IN ERROR, v. AMERI-CAN LAW BOOK COMPANY, PLAINTIFF IN ERROR.

Submitted July 10, 1911—Decided November 20, 1911.

On error to the Supreme Court, which had under review a judgment of the First District Court of Jersey City.

The following opinion was delivered in the Supreme Court by

SWAYZE, J.    The plaintiff subscribed for a set of Cyclopedia of Law and Procedure.    After he had received twenty-six volumes, he exchanged them with Soney & Sage for other law books and agreed to continue his subscription with the defendant so that he should obtain the later volumes as issued by the defendant, and deliver them to Soney & Sage at the price he paid.    He had received and delivered volumes 27, 28 and 29, and the defendants refused to deliver volume 30, upon the ground that he had sold his set.    There is nothing in the contract to prevent a subscriber from selling his set, and nothing to excuse the defendant for its failure to perform its contract.    It was therefore quite proper for the District Court to refuse a nonsuit, since the plaintiff was entitled at least to nominal damages. . The court, however, awarded him the substantial damages of $174, being the full value, at $6 a volume, of the twenty-nine volumes which he had delivered to Soney & Sage; and it is now argued that this was erroneous and enables the plaintiff to retain the consideration which he received from Soney & Sage, and to recover in addition, the

full price of the books from the defendant, without restoring the books.

It is not necessary to consider, whether under the terms of the contract the plaintiff was under any obligation to Soncy & Sage to deliver the subsequent volumes of the work unless he actually received them from the defendant, or whether he had completely fulfilled his obligation to Soncy & Sage when he continued the subscription in accordance with his contract. In order to present this question the defendant should have asked the trial court to hold that the plaintiff was not entitled to recover more than nominal damages; but the only question presented to the trial court was that raised by the request to nonsuit, which was properly refused. We cannot in this court consider a question not raised in the District Court. It may suffice, in the present case, to cite as authority, 2 *Cyc.* 708, but the matter is settled by our own decisions. The cases, up to that time, were collected by Mr. Justice Trenchard in *Osborn* v. *Gurtner*, 46 *Vroom* 224.

The judgment must therefore be affirmed and judgment may be entered in this court in favor of the plaintiff, for the amount, with costs.

For the plaintiff in error, *Randolph Perkins.*

For the defendant in error, *Hartshorne, Insley & Leake.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion delivered by Mr. Justice Swayze in the Supreme Court.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, BERGEN, VOORHEES, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, JJ. 10.

*For reversal*—None.